UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RALPH BUCK PHILLIPS,

                            Plaintiff,

        v.                                                         9:08-CV-878
                                                                       (FJS/ATB)

B. LeCUYER, Nurse Administrator,
Clinton Correctional Facility; A. LASHWAY;
Nurse Practitioner, Clinton Correctional Facility;
S. RACETTE, Deputy Superintendent of Security,
Clinton Correctional Facility; W. ALLAN, Lieutenant,
Clinton Correctional Facility; M. BOSCO, Mental Health,
Clinton Correctional Facility; D. UHLER, Captain
Security (SHU); M. KIRKPATRICK, Lieutenant
(C.E.R.T.) (DOCS); R. MARINACCIO (C.E.R.T.)
(DOCS); K. LEBEL, Corrections Officer (C.E.R.T.)
(DOCS); T. DOYLE, Corrections Officer (C.E.R.T.)
(DOCS); ESTATE OF CURTIS DROWN, Hearing
Officer, Clinton Correctional Facility;

                            Defendants.
_____

**APPEARANCES**                                **OF COUNSEL**

**RALPH BUCK PHILLIPS**
**06-B-3437**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **JAMES B. McGOWAN, AAG**
**STATE ATTORNEY GENERAL**          **JAMES SEAMAN, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

**ORDER**

Currently before the Court are Magistrate Judge Baxter's February 19, 2013 Report-Recommendation, *see* Dkt. No. 143, and Defendants' objections thereto, *see* Dkt. No. 144.

Plaintiff commenced this civil rights action in August 2008. *See* Dkt. No. 1. He filed a first amended complaint on December 8, 2008. *See* Dkt. No. 10. In his first amended complaint, Plaintiff asserted twenty-eight claims against twenty-four Defendants, arising from events that occurred at both Elmira Correctional Facility and Clinton Correctional Facility. In March 2009, Defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 46. In response to that motion, Plaintiff filed a motion to amend his first amended complaint, which this Court granted. *See* Dkt. Nos. 45, 51.

Defendants moved to dismiss Plaintiff's second amended complaint. *See* Dkt. No. 76. In a Memorandum-Decision and Order dated August 29, 2011, this Court granted Defendants' motion in part and denied it in part and, in addition, afforded Plaintiff an opportunity to file a third amended complaint. *See* Dkt. No. 95 at 36-38 & n.12. Despite the opportunity to do so, Plaintiff did not file a third amended complaint; therefore, his second amended complaint, *see* Dkt. No. 52, as modified by this Court's August 29, 2011 Memorandum-Decision and Order, is the operative pleading in this case.

The surviving claims in this action are as follows: (1) Eighth Amendment excessive force and failure-to-protect claims against Defendants LeBel, Doyle, Kirkpatrick, and Marinaccio, *see* Dkt. No. 52, at First, Second, and Third Causes of Action; (2) procedural due process claims, *see id.* at Fourth Cause of Action, relating to Plaintiff's initial administrative segregation hearing before Curtis Drown; (3) a First Amendment claim alleging the denial of religious services

against Defendant Racette, *see id.* at Seventh Cause of Action; (4) an Eighth Amendment medical indifference claim against Defendants LeCuyer and Lashway, *see id.* at Tenth Cause of Action, relating to the alleged deprivation of appropriate pain medication; (5) Eighth Amendment conditions-of-confinement and First Amendment retaliation claims against Defendants Allan, Bosco, and Uhler, *see id.* at Fifteenth, Nineteenth and Twenty-Sixth Causes of Action, relating to frequent transfers of Plaintiff to noisy and unsanitary SHU cells and his placement in a "freezing and filthy" mental health observation cell for three days. *See* Dkt. No. 95 at 38 n.12.

On August 17, 2012, Defendants filed a motion for summary judgment, seeking dismissal of all remaining claims. *See* Dkt. Nos. 133-135. Plaintiff filed a response to that motion, as well as his fourth motion for appointment of counsel, on October 25, 2012. *See* Dkt. Nos. 139-140. Defendants filed a reply in further support of their motion on October 30, 2012. *See* Dkt. No. 141.

In a Report-Recommendation dated February 19, 2013, Magistrate Judge Baxter recommended that the Court grant Defendants' motion in part and deny it in part. *See* Dkt. No. 143 at 72. Specifically, Magistrate Judge Baxter recommended that the Court deny Defendants' motion with respect to the following claims: (1) the Eighth Amendment excessive force claim against Defendants LeBel and Doyle and the failure-to-protect claim against Defendant Marinaccio, *see* Dkt. No. 52 at First, Second, and Third Causes of Action; and (2) the Eighth Amendment conditions-of-confinement claim against Defendants Allan and Uhler relating to the transfers of Plaintiff among various SHU cells, *see id.* at Nineteenth and Twenty-Sixth Causes of Action. *See* Dkt. No. 143 at 72. Magistrate Judge Baxter also recommended that the Court grant Defendants' motion with respect to the following claims: (1) the Eighth Amendment excessive

force and failure-to-protect claims against Defendant Kirkpatrick, *see* Dkt. No. 52 at First and Second Causes of Action; (2) the due process claim against the estate of Curtis Drown, *see id.* at Fourth Cause of Action; (3) the claim alleging the denial of religious services against Defendant Racette, *see id.* at Seventh Cause of Action; (4) the Eighth Amendment medical indifference claim against Defendants LeCuyer and Lashway; (5) the Eighth Amendment conditions-of-confinement and First Amendment retaliation claims against Defendants Allan and Bosco relating to Plaintiff's confinement in an OHM observation cell for three days, *see id.* at Fifteenth Cause of Action; and (6) the First Amendment retaliation claims against Defendants Allan and Uhler relating to transfers of Plaintiff among various SHU cells, *see id.* at Nineteenth and Twenty-Sixth Causes of Action.  *See* Dkt. No. 143 at 72 & n.42.[1]  On March 5, 2013, Defendants filed objections to Magistrate Judge Baxter's recommendation that the Court deny their motion to dismiss the use of force and failure-to-intervene claims and the conditions-of-confinement claim.  *See, generally*, Dkt. No. 144.

      In reviewing a magistrate judge's report and recommendation, the district court may decide to accept, reject or modify those recommendations.  *See* 28 U.S.C. § 636(b)(1).  The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects.  *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."""  *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v.*

---

[1] Magistrate Judge Baxter also denied without prejudice Plaintiff's motion for appointment of counsel with leave to renew after this Court issued its Order with respect to Magistrate Judge Baxter's recommendations.  *See* Dkt. No. 143 at 73.

*Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))).  Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error.  *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

    The Court has reviewed Defendants' objections, which are, for the most part, conclusory and simply reiterate their original arguments.  Nonetheless, despite these deficiencies, the Court conducted a *de novo* review of Magistrate Judge Baxter's very thorough analysis of and recommendations for the disposition of each of Plaintiff's claims in light of Defendants' objections.  Having completed that review, the Court hereby

    **ORDERS** that Magistrate Judge Baxter's February 19, 2013 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

    **ORDERS** that Defendants' motion for summary judgment is **GRANTED in part and DENIED in part**; and the Court further

    **ORDERS** that Defendants' motion is **DENIED** with respect to the following claims: (1) the Eighth Amendment excessive force claim against Defendants LeBel and Doyle and the failure-to-protect claim against Defendant Marinaccio and (2) the Eighth Amendment conditions-of-confinement claim against Defendants Allan and Uhler relating to the transfers of Plaintiff among various SHU cells; and the Court further

    **ORDERS** that Defendants' motion is **GRANTED** with respect to all other claims in the second amended complaint against the remaining Defendants;[2] and the Court further

    **ORDERS** that the Clerk of the Court shall appoint *pro bono* counsel for Plaintiff for the

---

[2] *See supra* at 3-4.

limited purposes of preparing and filing final pretrial submissions and for the trial of this matter. Discovery in this action is closed, and the parties may not file any additional pretrial dispositive motions absent the Court's permission. Furthermore, any appeal shall remain the responsibility of Plaintiff alone unless the Court grants a motion for appointment of counsel for such an appeal; and the Court further

**ORDERS** that the parties shall file their pretrial submissions, including any motions *in limine*, on or before **May 14, 2013**; and shall file any responses to said *motions in limine* on or before **May 17, 2013**; and the Court further

**ORDERS** that counsel shall appear for a final pretrial conference in this matter on **May 21, 2013**, at **10:00 a.m.**; and the Court further

**ORDERS** that the trial of this matter shall commence on **May 28, 2013**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 14, 2013
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge